UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GERALD MENSON                                CIVIL ACTION NO.  12-0131

VERSUS                                       MAGISTRATE JUDGE HILL

CITY OF BATON ROUGE, ET AL.                  BY CONSENT OF THE PARTIES

MEMORANDUM RULING ON MOTION TO DISMISS

Pending before the undersigned is defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss on the Basis of Prescription filed by the City of Baton Rouge and the Department of Public Works, on May 29, 2012.  [rec. doc. 7].  Plaintiff, Gerald Menson ("Menson"), has filed opposition.  [rec. doc. 14].  Oral argument was heard on October 30, 2012, after which I took the matter under advisement.

For the following reasons, the motion is **GRANTED**.

Background

Menson, born in 1947, brought this employment discrimination and retaliation action against his former employer, the City of Baton Rouge and the Baton Rouge Department of Public Works on March 2, 2012, claiming that he was unlawfully terminated on the basis of his age and race.  He filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Age Discrimination in Employment Act of 1969 ("ADEA"), 29 U.S.C. § 621, and the Louisiana Employment Discrimination Law ("LEDL"), LA. REV. STAT. § 23:301 *et seq*., LA. REV. STAT. 23:967 (Louisiana Whistleblower Statute), and LA. REV. STAT. 30:2027 (Louisiana Environmental Whistleblower Statute).

Menson began working for defendant in December, 1998, as a trades worker II. In 2002, he was given the job title of carpenter, although his primary job duties were those of a plaster/drywall finisher.

In March, 2008, Menson made an internal complaint of race discrimination against Scott Southall ("Southall"), who was the Building Services and Security Manager. He submitted the complaint to Assistant Director Monica Sprull ("Sprull"). In April, 2008, Sprull called a meeting to discuss and resolve plaintiff's complaint. Southall did not attend the meeting but, instead, called his own meeting with Menson's supervisor, Terry Gillis ("Gillis"), to discuss Menson. Menson did not receive any response from either meeting.

Menson filed a formal EEO complaint with Employee Relations. On Friday, July 11, 2008, defendant's Employee Relations department dismissed Menson's complaint.

Upon arriving to work on July 14, 2008, Menson learned that Southall had transferred him from the supervision of Gillis, an African-American, to the supervision of Anthony Comeaux ("Comeaux"), a Caucasian, who is the supervisor over electrical work. According to Menson, Comeaux assigned him to dangerous and unreasonable tasks without giving him proper training. On one occasion, Comeaux allegedly directed Menson to hang drywall without giving him adequate training, which caused him to fall, resulting in severe injuries. Menson alleges that defendant intentionally transferred him to a dangerous and hostile workplace environment in retaliation for his complaint of race discrimination against Southall.

On July 23, 2008, Menson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under Charge No. 461-2008-01977, claiming race discrimination and retaliation. [rec. doc. 14, Plaintiff's Exhibit 2]. Following his filing of the EEOC complaint, Menson alleges that he was subjected to a hostile work environment. On September 8, 2010, the EEOC dismissed Menson's claim. [rec. doc. 14, Plaintiff's Exhibits 7, 8].

On November 9, 2010, Menson again complained about the hostile work environment allegedly created by Southall to Pete Newkirk ("Newkirk"), Department of Public Works Director. On November 19, 2010, Menson was escorted by Sprull and Carla Bowers, Employee Relations Analyst, to a meeting with Newkirk and Southall regarding Menson's complaint. Instead of trying to resolve Menson's complaint, Menson alleges that Newkirk and Southall "retaliated, humiliated and terrorized" him. (Complaint, ¶ 33).

On December 16, 2010, Menson filed another charge of discrimination under Charge No. 461-2011-00144 with the Louisiana Commission on Human Rights ("LCHR"). [rec. doc. 14, Plaintiff's Exhibit 12]. He contacted EEOC again on May 6, 2011, and submitted another intake questionnaire claiming that he had been discriminated against because of his race and age, and retaliated against for engaging in protected activity. On July 26, 2011, LCHR dismissed Menson's claim. [rec. doc. 14, Plaintiff's Exhibit 14].

On September 6, 2011, the EEOC issued a Dismissal and Notice of Rights, indicating that it had adopted the findings of the state or local fair employment practices agency that investigated this charge, No. 461-2011-00144, and was dismissing Menson's claim. [rec. 14, Exhibit 17]. The Notice stated that "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id*.

By letter to the EEOC dated November 28, 2011, Menson requested a 90-day extension to file suit. [rec. doc. 14, Plaintiff's Exhibit 18]. A few days later, Maple T. Thomas ("Thomas"), Supervisory Investigator of the EEOC, and Menson talked by telephone. In that telephone conversation, Thomas apparently told Menson that the EEOC could not give him a 90-day extension. [rec. doc. 14, Plaintiff's Exhibit 1, Affidavit of Gerald Menson].

In an undated letter to Menson, Thomas confirmed her telephone conversation with Menson, stating as follows: "This will confirm our telephone conversation of today wherein you were advised that the EEOC could not extend the 90 days to file a lawsuit in the subject charge of employment discrimination." [rec. doc. 14, Plaintiff's Exhibit 20].

On March 2, 2012, Menson filed a Complaint with this Court. On May 29, 2012, defendants filed the instant Motion to Dismiss on the grounds that Menson's claims had prescribed.

## Law and Analysis

### *Standard for Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added).

### *Prescription*

Menson filed suit pursuant to Title VII, ADEA, the Louisiana Employment Discrimination Law, and the Louisiana whistleblower statutes.

Defendants seek dismissal of Menson's Title VII and ADEA claims on the grounds that Menson filed suit almost six months after the Right to Sue letter was issued by the EEOC. Therefore, they assert, these claims have prescribed. Additionally, they assert that because the alleged discriminatory and retaliatory acts occurred more than one year prior to Menson's filing suit, his state law claims have also prescribed.

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. (*citing Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.1996)). An employment discrimination suit under Title VII must be filed within 90 days of receipt from the EEOC's right to sue letter. *King v. Miss. Employment Sec. Commission*, 37 F.3d 633, 635 (5th Cir. 1994); *Dobbins v. Anthony Forest Products Co.*, 2008 WL 4829951 (W.D. La. Nov. 4, 2008) (Walter, J.).

This requirement to file within the ninety-day limitation period is strictly construed. *Taylor*, 206 F.3d at 379; *Dobbins*, *supra*. The Fifth Circuit has repeatedly dismissed cases in which the plaintiff filed a complaint after the ninety-days had passed. *Id.* (*citing Butler v. Orleans Parish School Board*, 2001 WL 1135616 (E.D. La.2001)) (Title VII claims dismissed where *pro se* plaintiff filed her complaint 91 days after receiving the right to sue letter).

Here, the Right to Sue letter was issued on September 6, 2011. [rec. doc. 14, Plaintiff's Exhibit 17, p. 2]. Menson filed his Complaint on March 2, 2012, which was almost six months after the Right to Sue letter was issued. Therefore, his claim under Title VII has prescribed.

In response to defendants' argument, Menson asserts that the doctrine of equitable estoppel should suspend prescription on these claims

In exceptional circumstances, federal courts have applied the equitable tolling doctrine. *Crowder v. Caddo Parish School Bd.*, 2008 WL 4461851 (W.D. La. Sept. 30, 2008) (Walter, J). However, this relief has been extended "only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990). The Supreme Court has discussed the circumstances in which the equitable tolling doctrine may be applied:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a complaint that has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Id*.

In *Butler*, *supra*, the court dismissed a claim that had been filed by a *pro se* plaintiff ninety-one days after she received her right to sue letter. The plaintiff argued that the doctrine of equitable tolling should be applied because (1) she entrusted the complaint to her husband, but that he was unable to file suit because of his rheumatoid

arthritis, (2) she was unable to file suit because she had to travel to Atlanta to assist her ailing mother, and (3) she was an unsophisticated claimant. The court found that these reasons did not justify equitable tolling and dismissed the case.

In the present case, Menson argues that the letter from Thomas constituted his "right to sue" letter, and that the time for filing suit should run from that date.  At oral argument, he cited *GATX Leasing Corp. v. Capital Bank & Trust Co.*, 717 F.Supp. 1160, 1166 (M.D. La. 1988), for the proposition that ambiguity in a contract (letter of credit in that case) must be construed against the drafter. The Court does not disagree.

However, in the first paragraph of the letter that Thomas wrote to Menson she said:

> A review of agency records shows that your dismissal and notice of rights was issued on September 6, 2011.  Attached to your dismissal was a document entitled "Information Related to Filing Suit Under the Laws Enforced by the The EEOC."  An additional copy of those instructions is printed below.

[rec. doc. 14, Plaintiff's Exhibit 20].

Thomas clearly confirmed in her undated letter that the right to sue letter was issued on September 6, 2011.  [Plaintiff's Exhibit 20].  Thus, the undated letter cannot be construed as the actual right to sue letter.  "This is not a case in which a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her. Nor

8

is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26 (1984) (internal citations omitted).

The right to sue letter, and the instructions which were repeated in Thomas' letter, clearly informed Menson that he had only ninety days to act and that the ninety day period had begun to run on September 6. Menson clearly knew that he had ninety days to sue, otherwise he would never have requested the extension of the ninety day period from the EEOC. Nothing in this case justifies the application of the equitable tolling doctrine.[1]

Additionally, defendants argue that claimant's ADEA claim has prescribed. The statute of limitations for an age discrimination action is 90 days after receipt of a notice that a charge filed with the EEOC has been dismissed or otherwise terminated. *St. Louis v. Texas Worker's Compensation Commission*, 65 F.3d 43, 47 (5th Cir. 1995); 29 U.S.C. § 626(e). Thus, Menson's claim under ADEA has also prescribed.

Finally, defendants assert that all of Menson's claims under Louisiana state law have prescribed. The one-year prescription for tort actions set forth in Louisiana Civil Code Article 3492 applies to employment discrimination actions brought under Louisiana law. *Rubinstein v. Administrators of Tulane*, 58 F.Supp.2d 702, 708 (E.D. La.1998),

---

[1] Furthermore, there is no indication that the defendant was in any way involved in the issuance of the undated letter from the EEOC. Counsel for the plaintiff was unable to provide any authority for the proposition that the defendant should be estopped from raising the prescription defense for actions allegedly undertaken by the EEOC; the Court knows of no such authority.

9

*affirmed in part and remanded*, 218 F.3d 392 (5th Cir.), *rehearing and suggestion for rehearing en banc denied*, 232 F.3d 212 (5th Cir. 2000), *certiorari denied* 121 S.Ct. 1393, 532 U.S. 937, 149 L.Ed.2d 316 (2001).  Claims under the Louisiana Whistleblower Statute, LA. REV. STAT. § 23:967, are also subject to the one-year prescriptive period. *Langley v. Pinkerton's Inc.*, 220 F.Supp.2d 575, 581 (M.D. La. 2002); *Nolan v. Jefferson Parish Hosp. Service Dist. No. 2*, 01-175 (La. App. 5 Cir. 2001); 790 So.2d 725, 733.

Here, the last act of which Menson complained occurred on November 9, 2010, which was the meeting with Newkirk and Southall in which they allegedly "retaliated, humiliated and terrorized plaintiff." (Complaint, ¶ 32).  The Complaint was filed on March 2, 2012, which was more than one year after that meeting occurred.  Accordingly, Menson's claims asserted under Louisiana law have prescribed.

## Conclusion

Accordingly, **IT IS ORDERED** that the motion to dismiss is **GRANTED**, and that all claims against defendants are **DISMISSED WITH PREJUDICE**.

Signed November 8, 2012, at Lafayette, Louisiana.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE