UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD MENSON** | **CIVIL ACTION NO. 12-0131** |
| **VERSUS** | **MAGISTRATE JUDGE HILL** |
| **CITY OF BATON ROUGE, ET AL.** | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING ON MOTION TO RECONSIDER

Pending before the undersigned is the Motion for Reconsideration and/or to Alter or Amend Judgment and/or for a New Trial filed by plaintiff, Gerald Menson ("Menson"), on November 13, 2012. [rec. doc. 20]. By this motion, plaintiff requests that the Court reconsider its Memorandum Ruling issued on November 8, 2012 [rec. doc. 18] on the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss on the Basis of Prescription filed by the City of Baton Rouge and the Department of Public Works ("the City") [rec. doc. 7]. The City has filed opposition. [rec. doc. 22].

In the motion to dismiss, the City sought dismissal of Menson's claims on the grounds of prescription. The Court agreed, finding that because Menson did not file his complaint until almost six months after the EEOC's Right to Sue letter was issued, his claims had prescribed.

Here, as in the opposition to the motion to dismiss, Menson argues that the letter from the Supervisory Investigator of the EEOC, Maple T. Thomas ("Thomas"), constituted his "right to sue" letter, and that the time for filing suit should have run from that date. In the first paragraph of the letter that Thomas wrote to Menson, she said:

> This will confirm our telephone conversation of today wherein *you were advised that the EEOC could not extend the 90 days to file a lawsuit* in the subject charge of employment discrimination. A review of agency records shows that *your dismissal and notice of rights was issued on September 6, 2011*. Attached to your dismissal was a document entitled "Information Related to Filing Suit Under the Laws Enforced by the The EEOC." *An additional copy of those instructions is printed below*.

(emphasis added). [rec. doc. 14, Plaintiff's Exhibit 20].

The Court found that Thomas had clearly confirmed in her undated letter that the right to sue letter was issued on September 6, 2011; therefore, Thomas' letter could not be construed as the actual right to sue letter. Menson argues that the Court omitted the rest of the letter, which stated as follows:

> *In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, you should keep a record of this date. **Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost**. If you intend to consult and attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your lawsuit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed) or the date of the postmark, if later.*
>
> *Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.*

> *If you have simple questions, you usually can get answers from the office of the clerk of court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.*

[rec. doc. 14, Plaintiff's Exhibit 20].

This language does not change the fact that, at the outset, the letter clearly sets forth that *"your dismissal and notice of rights was issued on September 6, 2011."* This introductory paragraph also clearly states that the next two paragraphs constitute *"[a]n additional copy"* of the instructions for filing suit under the laws enforced by the EEOC. As the Court stated in the Memorandum Ruling, the right to sue letter, and the instructions which were repeated in Thomas' letter, *"clearly informed Menson that he had only ninety days to act and that the ninety day period had begun to run on September 6. Menson clearly knew that he had ninety days to sue, otherwise he would never have requested the extension of the ninety day period from the EEOC."*

Although Menson argues that Thomas' letter is ambiguous, the Court finds that it is not. The record reflects that the Dismissal and Notice of Rights was issued on September 6, 2011. [rec. doc. 14, Exhibit 17]. Menson obviously received this Notice, as he requested an extension of the 90 day period. In both the telephone conversation and the letter, Thomas reconfirmed to Menson that the notice of rights to sue was issued on September 6, 2011. The first paragraph of the letter also clearly informs Menson that "[a]n *additional copy* of those instructions [Information Related to Filing Suit Under the

3

Laws Enforced by the The EEOC]" was printed below, which was the next two paragraphs to which he refers in the instant motion.

The Court finds that the letter clearly states that the two paragraphs at issue merely constitute an additional copy of the instructions for filing suit, which Thomas included as a courtesy to Menson. Thomas' letter does *not* take the place of the right to sue letter, to which she expressly referred in the initial paragraph (which was not in italics, unlike the quoted portion in the remainder of the letter). Thus, the Court finds no basis to alter its prior ruling. Fed. R. Civ. Proc. 59(e).

Accordingly, **IT IS ORDERED** that the Motion for Reconsideration and/or to Alter or Amend Judgment and/or for a New Trial [rec. doc. 20] is **DENIED**.

Signed December 20, 2012, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE